UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DENOIS ELIGAH LANIER,

           Petitioner,           Case No. 1:20-cv-684

v.                                            Honorable Robert J. Jonker

SHANE JACKSON,

           Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

**I.     Leave to file an attorney-drafted petition**

As a preliminary matter, Petitioner, through his counsel, filed a petition that was not prepared on the approved *pro se* form. Petitioner seeks leave of Court to file the petition in a form other than that approved by the Court. (ECF No. 3.) The approved form is required only for prisoners proceeding *pro se*. W.D.Mich. LCivR 5.6(a). Petitioner is not proceeding *pro se*. Nonetheless, the disjunctive language in the rule does allow an interpretation that would require the form for any habeas corpus petition. Because the petition contains the information necessary to conduct preliminary review, the Court will grant Petitioner's motion.

**II.    Factual allegations**

Petitioner Denois Eligah Lanier is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. On June 11, 2018, Petitioner pleaded guilty in the Berrien County Circuit Court to possession with intent to deliver a mixture of 50 to 450 grams containing cocaine, in violation of Mich. Comp. Laws § 333.7401(2)(a)(iii) and to being a felon in possession of a firearm, in violation of Mich. Comp. Laws § 750.224f. On November 2, 2018, the court sentenced Petitioner to concurrent prison terms of 11 years, 3 months to 40 years for the drug offense and 1 year 11 months to 5 years for the weapons offense.

On July 26, 2020, Petitioner filed his habeas corpus petition raising one ground for relief, as follows:

> I.     THE PETITIONER IS DETAINED IN VIOLATION OF THE U.S. SUPREME COURT'S RULING IN SANTOBELLO V. NEW YORK WHERE THE PLEA WAS INDUCED BY A STATE COURT PROSECUTOR'S AGREEMENT TO TAKE NO POSITION AT SENTENCING IF A SENTENCE OF AT LEAST TEN YEARS WAS IMPOSED. THEN THAT SAME PROSECUTOR'S OFFICE

>       RECOMMENDED A SENTENCE SIGNIFICANTLY HIGHER THAN
>       THE AGREED UPON TEN YEARS.

(Pet., ECF No. 2, PageID.125.)

### III.    Exhaustion

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner raised the issue for the first time in his application for leave to appeal in the Michigan Supreme Court.  He never raised it in the trial court and he never raised it in the Michigan Court of Appeals.  The issue stands out in the Michigan Supreme Court docket because it was raised separately, by way of a motion seeking leave to add a new issue, almost three months after the initial application for leave to appeal was filed.  The Supreme Court granted leave to add the issue but denied leave to appeal.  (Mich. Ord., ECF No. 1-10, PageID.75.)

Petitioner contends the extraordinary step of granting leave to add the issue, late, should suffice to exhaust the claim.  Petitioner also argues that returning to the state courts would

3

be futile because the trial court could not grant relief where Petitioner's motion for relief from judgment "alleges grounds for relief which were decided against the defendant in a prior appeal . . . ." Mich. Ct. R. 6.508(D)(2).

Petitioner's claim that the Michigan Supreme Court's grant of permission to add the issue, despite denying the application, carries some special significance is not well-supported. There is nothing in the supreme court's denial of leave to suggest it considered the issue on the merits. (Mich. Ord., ECF No. 1-10.)

In *People v. Shook*, No. 233346, 2002 WL 31379664 (Mich. Ct. App., Oct. 22, 2002), the Michigan Court of Appeals concluded that the denial of leave in that circumstance is not considered a decision on the merits. The *Shook* court also determined that where the Michigan Supreme Court agreed to add an issue to an application for leave to appeal and then denied the application, the issue could not be considered a "ground[] for relief which [was] decided against the defendant in a prior appeal . . . " under Mich. Ct. R. 6.508(D)(2). *Shook*, 2002 WL 31379664, at *2. The Sixth Circuit has concluded that Rule 6.508(D)(2) does not apply to claims raised for the first time in an application for leave to appeal to the Michigan Supreme Court. *Skinner v. McLemore*, 425 F. App'x 491, 495 (6th Cir. 2011); *see also Stokes v. Scutt*, 527 F. App'x 358, 366 (6th Cir. 2013) (recognizing "the holding of other Michigan courts that 'Rule 6.508(D)(2) does not bar claims raised for the first time in a direct appeal to the Michigan Supreme Court where the Supreme Court has denied the application for leave to appeal.'") Petitioner's claim that he exhausted his claim by raising it for the first time in his application for leave to appeal is plainly meritless, as is his claim of futility regarding a return to the state trial court for the purpose of filing a motion for relief from judgment.

4

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Berrien County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has failed to exhaust his claim, his petition is properly dismissed without prejudice. The habeas statute imposes a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Petitioner's period of limitation commenced running when his judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 29, 2019. Petitioner did not petition for certiorari to the United States Supreme Court. (Pet., ECF No. 1, PageID.2.) The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235

F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 27, 2020. Therefore, the soonest the period of limitation could expire is January 27, 2021.

The limitations period is not tolled during the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the period is tolled while an application for state post-conviction or collateral review of a claim is pending. 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007).

In *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit considered what action the court should take if the dismissal of a petition for failure to exhaust could jeopardize the timeliness of a subsequent petition.[1] The *Palmer* court concluded that if the petitioner had more than 60 days remaining in the period of limitation—30 days to raise his unexhausted claims and 30 days after exhaustion to return to the court—no additional protection, such as a stay, was warranted. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner has far more than sixty days remaining in his limitations period. If Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted, and the Court will dismiss the petition for failure to exhaust available state-court remedies.

---

[1] The *Palmer* court considered the issue in the context of a "mixed" petition including exhausted and unexhausted claims. The *Palmer* court's explanation of when dismissal of a petition does not jeopardize the timeliness of a subsequent petition, however, is persuasive even where the petition includes only unexhausted claims.

**IV.     Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion.  Therefore, a certificate of appealability will be denied.  Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

7

## **Conclusion**

The Court will enter an order and judgment granting Petitioner leave to file his petition on a form other than the approved form, dismissing the petition for failure to exhaust state-court remedies, and denying a certificate of appealability.

Dated:  August 6, 2020  /s/ Robert J. Jonker
　　　　　　　　　　　　　　　　　　　　　　　　　Robert J. Jonker
　　　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge